IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2001 Session

## MALLORY VALLEY UTILITY DISTRICT OF WILLIAMSON COUNTY, TENNESSEE, v. JEFFREY R. CANTWELL, CAROLYN W. CANTWELL, and SUNTRUST BANK, NASHVILLE, N.A.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 11-2K396      Hon. Russ Heldman, Circuit Judge**

**No. M2001-00627-COA-R3-CV - Filed January 15, 2002**

The Trial Court dismissed plaintiff's condemnation action on grounds that the taking was arbitrary and capricious. On appeal, we vacate and remand for an evidentiary hearing.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Donald L. Scholes, Nashville, Tennessee, for Appellant, Mallory Valley Utility District of Williamson County, Tennessee.

Ralph W. Mello, Brentwood, Tennessee, for Appellees, Jeffrey R. Cantwell and Carolyn W. Cantwell.

Mike Powell, Knoxville, Tennessee, for Appellee, Suntrust Bank, Nashville, N.A.

### OPINION

Plaintiff's action to condemn an easement over defendants' property was dismissed by the Trial Judge, following a hearing. The Petition for Condemnation was denied by the Trial Judge who stated in the Judgment "plaintiff's action in seeking the easement at issue is arbitrary and capricious and an abuse of discretion, there being no 'necessity' as is required by and defined in law."

The Trial Court in its Judgment recites:

This case came on to be heard on September 18, 2000, on Plaintiff's petition for condemnation, at which time the evidence, as presented through statements of counsel, showed that Plaintiff seeks a judgment granting it a permanent easement by condemnation of certain real property owned by Defendants, . . .

Plaintiff in its brief flatly asserts that no evidence was heard by the Trial Judge and defendants, while arguing that it was the responsibility of plaintiff to file a transcript of evidence, do not assert that either party offered evidence at the hearing. Indeed, the Trial Court's Judgment demonstrates that no testimony was heard. With due deference to the Trial Court, statements of counsel may not be treated as evidence unless the parties mutually agree to a stipulation of facts. *See* 73 Am.Jur.2d *Stipulations*, §17, 2001. It is apparent from the Trial Court's Judgment that its decision was neither based upon evidence, nor stipulation of facts, and must be vacated.

On appeal, the parties argue over who has had the burden of proof. That burden is first on the petitioner who instigated the action.

Not only is the corporation seeking the condemnation required to take the first steps, and bring the land-owner before the court, in the prescribed order, but it must, of necessity, show that it is entitled to exercise the right of eminent domain, and that the particular land is necessary for its corporate use. In all of this the petitioner is plaintiff, with the affirmative of its claim and the burden of proof upon it . . . Concession by the owner of petitioner's right to condemn, and to take the particular land, and contesting the question of damages only, cannot change the rule; . . .

*Alloway v. City of Nashville*, 13 S.W. 123, 126 (Tenn. 1890). Upon the petitioner making out a *prima facie* case, the burden shifts to defendant to show the petitioner has no right to take. Upon remand, the Trial Court is directed to conduct a hearing along the lines set forth herein, and then determine the merits of the case upon the evidence and/or stipulations presented.

The Judgment is vacated, and the cause is remanded, with the cost of the appeal assessed one-half to Mallory Valley Utility District of Williamson County, Tennessee, and the other one-half to Jeffrey R. Cantwell and Carolyn W. Cantwell and Suntrust Bank, Nashville, N.A.

_____
HERSCHEL PICKENS FRANKS, J.